UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| BRADLEY BYNUM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:16-0023 |
| | ) | Judge Sharp |
| MACK MECHANICAL, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the second time, the Court considers Defendant Mack Mechanical, Inc.'s Motion for Summary Judgment (Docket No. 8). On July 28, 2016, the Court granted that Motion because Plaintiff Bradley Bynum had not responded to Defendant's argument that it was not an "employer" for purposes of the Americans With Disability Act ("ADA"), 42 U.S.C. § 12111, *et seq*. Instead, Plaintiff filed a Motion to Stay Pending Limited Discovery (Docket No. 18), which was denied by marginal Order.

After entry of summary judgment in favor of Defendant, Plaintiff filed a Motion to Set Aside, asserting that the parties agreed to allow Plaintiff to take the deposition of Elizabeth Wilson, Defendant's Assistant Controller, in an effort to show that Mack Mechanical had the requisite number of employees. That Motion was granted, the summary judgment ruling was vacated, and Plaintiff took the deposition of Ms. Wilson. Plaintiff has now responded to Defendant's Motion for Summary Judgment, making it ripe for review.

**I.**

In support of its Motion, Defendant submitted Ms. Wilson's affidavit, along with company

1

records, which show that during the 2014 and 2015 calendar years, Mack Mechanical did not employ 15 or more persons for 20 weeks or more, nor has it employed that number of employees for any twenty calendar weeks this year. In response, Plaintiff argues that a genuine issue of material fact exists as to the number of employees because he "has identified thirty-three (33) individual subcontractors or subcontract employees who were employed by Defendant in 2014, and twenty-six (26) subcontractors or subcontract employees who were employed by Defendant in 2015." (Docket No. 27 at 2-3).

"Under the ADA an 'employer' is not covered unless its work force includes '15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.'" Clackamas Gastroenterology Assoc., P. C. v. Wells, 538 U.S. 440, 441-42 (2003) (quoting 42 U.S.C. § 12111(5)). Plaintiff "bears the burden of proving that [Defendant] is a covered employer under the ADA[.]" Escribano-Reyes v. Prof'l Hepa Certificate Corp., 817 F.3d 380, 388 (1st Cir. 2016); see EEOC v. Pines of Clarkston, 2015 WL 1951945, at *3 (E.D. Mich. Apr. 29, 2015) ("Proving the threshold number of employees to be considered an 'employer' within the meaning of the ADA is an element of a plaintiff's claim for relief"); Coder v. Medicus Labs. LLC, 2014 WL 2984052, at *2 (E.D. Tex. July 2, 2014) (same); Nelson v. Clermont Cty. Veterans' Serv. Comm'n, 2012 WL 2031225, at *2 (S.D. Ohio June 6, 2012) ("The threshold number of employees is an element of the plaintiff's ADA claim); cf. Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) (holding that "the threshold number of employees for application of Title VII [of the Civil Rights Act of 1964] is an element of a plaintiff's claim for relief").

Notwithstanding the identification of somewhere in the neighborhood of thirty subcontractors or subcontract employees during both calendar years 2014 and 2015, Plaintiff has

not met his burden of showing that Mack Mechanical had 15 or more employees working each day for 20 or more calendar weeks during the relevant period.

**II.**

"As a general rule, the federal employment discrimination statutes protect employees, but not independent contractors," Shah v. Deaconess Hosp., 355 F.3d 496, 499 (6th Cir. 2004), and the ADA is no different. The Act somewhat circuitously provides that an employee is "an individual employed by an employer, 42 U.S.C. § 12111(4)," but "the circumstances constituting that relationship are not defined specifically by statute," requiring "a court looks either to the express agreement of the parties, or to the common law principles of agency," Janette v. Am. Fid. Grp., Ltd., 298 F. App'x 467, 471 (6th Cir. 2008). Here, Plaintiff points to no express agreement between the subcontractors and Mack Mechanical so the Court looks to the common law.

"[T]he common law analysis requires the consideration of numerous factors, including 'the hiring party's right to control the manner and means by which the product is accomplished; the skill required by the hired party; the duration of the relationship between the parties; the hiring party's right to assign additional projects; the hired party's discretion over when and how to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the hiring party's regular business; the hired party's employee benefits; and tax treatment of the hired party's compensation.'" Shah v. Deaconess Hosp., 355 F.3d 496, 499-500 (6th Cir. 2004) (quoting Simpson v. Ernst & Young, 100 F.3d 436, 443 (6th Cir. 1996)). "Analysis of the common law factors is a mixed question of law and fact, a determination that the trial judge normally makes as a matter of law." Jannette, 298 F. App'x at 471.

Although the Court is to "consider 'the entire relationship,'" the "'most important factor'"

3

in determining whether an employer-employee relationship exists is "the 'employer's ability to control job performance and employment opportunities of'" the purported employee. Swanson v. Univ. of Cincinnati, 268 F.3d 307, 319 (6th Cir. 2001) (quoting Johnson v. City of Saline, 151 F.3d 564, 568 (6th Cir. 1998)). However, Plaintiff has made absolutely no effort to show that Mack Mechanical controlled the subcontractors' job performance or limited their other employment opportunities. Nor has Plaintiff endeavored to address in a meaningful way any of the other factors in the common law test. Instead, Plaintiff merely points to a number of Form 1099s issued by Mack Mechanical.

The 1099s on which Plaintiff relies simply show a name and the amount paid. They do not show that the recipients (some of which appear to be businesses as opposed to individuals) worked 20 or more weeks during the relevant calendar years. This, alone, is fatal to his ADA claim.

Moreover, the issuance of 1099's to the subcontractors is "highly significant" because they show that Mack Mechanical "withheld no income or FICA taxes" and provided no other employee benefits. Lerohl v. Friends of Minnesota Sinfonia, 322 F.3d 486, 492 (8th Cir. 2003); see, Alexander v. Avera St. Luke's Hosp., 768 F.3d 756, 762-63 (8th Cir. 2014) ("Especially indicative of an independent-contractor relationship are that [plaintiff] was not provided with benefits or malpractice insurance, [defendant] did not withhold income and FICA taxes from [plaintiff's] monthly compensation and reported his income on a Form 1099, and [he] reported his compensation as the income of a self-employed independent contractor"); Trustees of Resilient Floor Decorators Ins. Fund v. A & M Installations, Inc., 395 F.3d 244, 250-51 (6th Cir. 2005) (finding subcontractors not employees where carpet company "files IRS Form 1099 for the installers it uses, as opposed to IRS Form W-2 that it files for its employees"); Falls v. Sporting News Pub. Co., 834 F.2d 611, 612 (6th

Cir. 1987) (finding independent contractor status where, among other things, payment "was reported on IRS Form 1099, and not on a W-2 Form, as was the case for compensation paid to [defendant's] 'employees'" and "there was no formal contract").

## III.

Just as it did earlier, the Court concludes that Plaintiff has failed to identify evidence that presents a jury question on whether Defendant Mack Mechanical is (or was) an "employer" under the ADA. As such, its Motion for Summary Judgment (Docket No. 8) is once again GRANTED. The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE